UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 05-CR-10195 JLT |
| ) | |
| ROBERT WILLIAMS, ) | |
| ) | |
| DAWN YOUNG ) | |
| (a/k/a "Dawn Rossi") ) | |
| ) | |
| BROOKE DENMAN ) | |

### GOVERNMENT'S MEMORANDUM REGARDING THE DEFINITION OF "CRIME OF VIOLENCE"

The United States of America hereby submits this memorandum pursuant to the Court's directive that the parties submit briefs on the question of whether defendant Dawn Young is charged with a crime of violence for purposes of pretrial detention under 18 U.S.C. §§3142. Young is charged by way of indictment with two counts of conspiracy to violate federal law, in violation of 18 U.S.C. §371, one count of transporting a minor in interstate commerce to engage in prostitution, in violation of 18 U.S.C. §2423(a), one count of transporting an individual in interstate commerce to engage in prostitution, in violation of 18 U.S.C. §2421, and one count of sex trafficking of children, in violation of 18 U.S.C. §1591. The government moved to detain the defendant pursuant to 18 U.S.C. §§ 3142(f)(1)(A) and (f)(2)(A).

I.   Sections 2421 and 2423(a) are Statutorily Designated as Crimes of Violence

Congress has specifically designated 18 U.S.C. §§ 2421 and 2423(a) as crimes of violence for purposes of pretrial detention. 18 U.S.C. §3156(a)(4)(C). Pursuant to Section

1

3156(a)(4) of Title 18, a "crime of violence" is defined as "(A) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another; (B) an offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or (C) any felony under chapter 109A, 110, or 117." 18 U.S.C. §3156(a)(4). As part of the "Protection of Children from Sexual Predators Act of 1998" Congress added violations of Chapter 117, which includes 18 U.S.C. §§ 2421 et seq., to the definition crimes of violence contained in 18 U.S.C. §3156(a)(4)(C). The 1998 Act was designed to amend Title 18 of the United States Code to "provide stronger protections for children from those who would prey upon them." 144 Cong. Rec. S12, 257 (daily ed. Oct. 9, 1998) (statement of Sen. Leahy). See generally United States v. Searcy, 2005 WL 1767649, *4 (11th Cir. 2005) (discussing history of the 1998 Act in holding that enticement of a minor under 18 U.S.C. §2422(b) constitutes a crime of violence for career offender purposes).

Because Congress has specifically designated 18 U.S.C. §§ 2421 and 2423(a) as crimes of violence for detention purposes, an indictment charging one or more of these offenses automatically entitles the government to a detention hearing under 18 U.S.C. §§3142(f)(1)(A) and constitutes a factor to be considered in a detention hearing under 18 U.S.C. §§3142(g)(1). In United States v. Vasquez, 241 F.Supp.2d 24 (D. Maine 2003), for example, the district court affirmed an order of pretrial detention for a defendant charged under 18 U.S.C. §§ 2422(b) and 2423(b) with communicating and traveling interstate to attempt to engage in sexual acts with a 13 year-old girl. Like 18 U.S.C. §§ 2421 and 2423(a), these offenses are contained in Chapter 117 and are comparable in nature to those

2

now before this Court. In reaching its decision, the court in <u>Vasquez</u> recognized that both charged offenses are statutorily defined under 18 U.S.C. §3156(a)(4)(C) as crimes of violence for purposes of release and detention. 241 F.Supp.2d at 35. <u>See also</u> <u>United States v. Abad</u>, 350 F.3d 793, 797 (8th Cir. 2003); <u>United States v. Spero</u>, 2003 WL 22232502, *3 (D. Conn. 2003). Clearly dispositive of the issue before this Court, 18 U.S.C. §3156(a)(4)(C) establishes, as a matter of law, that 18 U.S.C. §§ 2421 and 2423(a), with which Young has been charged, are crimes of violence.

II.     The Charged Offenses Involve a Substantial Risk of Physical Force

Young is charged with two violations that automatically constitute crimes of violence for the purpose of detention and release. There is no requirement under the detention statute that the government show that all or even the majority of charged offenses are crimes of violence in order to be entitled to a detention hearing on dangerousness grounds or to trigger the presumption in favor of detention under 18 U.S.C. §3142(e). Nevertheless, the government submits that the crimes with which Young is charged would constitute crimes of violence even if they had not been specifically designated as such by Congress.

Sections 1591, and 2423(a) of Title 18 involve the sexual abuse of a minor and by their nature involve a substantial risk of physical force against a person or property. The inquiry in determining whether an offense is a crime of violence under 18 U.S.C. §3146(a)(4)(B) centers on the <u>risk</u> of force and not whether force is an element of the offense or was actually used. Similarly, under the definition of crime of violence contained in Section 3146(a)(4)(B), an offense that involves the risk of force by others would constitute a crime of violence to the same extent as an offense that, by its nature, involves

3

the risk of force by the defendant.

In addition to the sexual exploitation offenses contained in Chapter 117 (18 U.S.C. §§ 2421 et seq.), 18 U.S.C. §3156(a)(4)(C) specifically defines all offenses under Chapter 109A (sexual abuse offenses under 18 U.S.C. §§2241 et seq.) and Chapter 110 (child pornography offenses under 18 U.S.C. §§2251 et seq.) as crimes of violence for purposes of detention and release. Because Section 3156(a)(4)(C) encompasses almost all federal sexual exploitation crimes, there is sparse case law discussing whether particular sexual exploitation offenses constitute crimes of violence under the other provisions of Section 3156(a)(4) for purposes of detention and release. Decisions discussing the definition of crimes of violence in other contexts, however, consistently recognize the sexual exploitation or attempted sexual exploitation of minors as crimes of violence, even absent any requirement of actual physical force.

In United States v. Munro, 394 F.3d 865, 870 (10th Cir. 2005) the court held that using a facility of interstate commerce to persuade a minor to engage in sexual acts under 18 U.S.C. §2422(b) constitutes a crime of violence under 18 U.S.C. §924(c), which prohibits carrying a firearm during the commission of a violent crime. The provision at issue in Munro contains a definition of "crime of violence" identical to that contained in 18 U.S.C. §§3156(a)(4)(A) and (B).[1] In deciding that attempted enticement of a minor for illegal sexual activity is a crime of violence, the court in Munro emphasized that the attempted

---

[1] "Crime of violence" is defined in the section at issue in Munro as "an offense that is a felony and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3).

4

sexual abuse of a minor carries an inherent risk of the use of physical force or physical injury of that minor. 394 F.3d at 865. The definitions of "crime of violence" contained in 18 U.S.C. § 924(c)(3), and 18 U.S.C. § 3156(a)(4)(A) and (B) are also identical to that contained in 18 U.S.C. § 16. In United States v. Reyes-Castro, the Tenth Circuit Court of Appeals held that for purposes of 18 U.S.C. § 16, the attempted sexual abuse of a child is considered a crime of violence. 13 F.3d 377, 379 (10th Cir. 1993). See also United States v. Velazquez-Overa, 100 F.3d 418 (5th Cir. 1996) (offense of sexual contact with a child under 17 is a crime of violence under 18 U.S.C. § 16).

Courts have also widely held that the definition of "crime of violence" under the career offender provisions of the United States Sentencing Guidelines includes the exploitation or attempted sexual exploitation of minors, even absent any element of physical force or injury.[2] In United States v. Meader, for example, the First Circuit Court of Appeals held that the defendant's prior convictions for statutory rape involved conduct creating a "serious potential risk of physical injury to another" and qualified as a crime of violence under the sentencing guidelines. 118 F.3d 876, 885 (1st Cir. 1997). In reaching this holding, the court noted that sex between a 13 year-old girl and an adult male involved an inherent risk of

---

[2] A crime of violence for sentencing purposes is "any state or federal offense punishable by a year or more in prison that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is a burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(1). While the definition of a "crime of violence" under the United States Sentencing Guidelines is not identical to that contained in the 18 U.S.C. § 3156(a)(4) or 18 U.S.C. § 16, courts have acknowledged that there is no significant difference between the statutory definitions and the Guidelines definition. See, e.g., United States v. Vigil, 334 F.3d 1215, 1223 (10th Cir. 2003) ("We remain convinced that the analysis [as to what is a crime of violence] under § 16(b) ... applies with equal force to the question before us under § 4B1.2.").

physical injury to the girl. Id. at 883-84. In United States v. Sherwood, the First Circuit expanded upon Meader, holding that a prior conviction for sexual touching of a minor constituted a crime of violence for sentencing purposes. Sherwood, 156 F.3d 219, 221-22 (1st Cir. 1998). Other courts considering the question of whether statutory rape offenses not involving actual physical force have also held that the sexual exploitation of a minor constitutes a crime of violence under the career offender provisions. See, e.g., United States v. Pierce, 278 F.3d 282, 291 (4th Cir. 2002) (violation of statute prohibiting indecent liberties with a child is categorically a crime of violence even where physical touching is not required by the statute); United States v. Taylor, 98 F.3d 768 (3rd Cir. 1996) (holding that indecent exposure was crime of violence based upon the facts of the underlying case involving sexual acts with a child); United States v. Coronado-Cervantes, 154 F.3d 1242, 1244-45 (10th Cir. 1998); United States v. Searcy, 2005 WL 1767649, *4 (11th Cir. 2005).

By its nature, transporting individuals or minors for prostitution under Sections 2421 and 2423(a) of Title 18 and providing a minor for commercial sex acts under Section 1591 of Title 18 involve a substantial risk of physical force. In United States v. Carter, the Ninth Circuit held that transporting a minor for purposes of prostitution under 18 U.S.C. § 2423(a) was a crime of violence for sentencing purposes. 266 F.3d 1089, 1090-91 (9th Cir. 2001). The court in Carter based its decision on the finding that prostitution involves a serious potential risk of contracting a sexually transmitted disease and risk of assault or physical abuse by customers or organizers of prostitution. Id. at 1091. The decision in Carter is significant not only because it involved transporting a minor for prostitution, but because it highlights that the sexual exploitation of minors for prostitution involves even greater risk of

force than offenses where the sexual exploitation of a minor is limited to acts personally committed by the defendant. The risk involved where a single person is sexually abusing a minor is multiplied in a prostitution case because a minor sent on prostitution calls is vulnerable to force and abuse by numerous individual customers.

Defendant Young is charged with three substantive counts relating to the commercial sexual exploitation of others. Two of these, Sections 1591 and 2423(a), specifically involve the sexual exploitation of minors. At the detention hearing held before this Court on August 22, 2005, defense counsel attempted to lessen the severity and inherently violent nature of the offenses with which Young is charged by raising the lack of a requirement that the defendant herself was the first person to recruit particular victims into prostitution and even suggested that whether the victims were lured away from good homes was relevant to the question of detention. This suggestion is not only outrageous, it does not accurately reflect well-established federal law. The putative consent of the victim is not a defense to any federal statute relating to the commercial sexual exploitation of a minor and is not a defense under Mann Act statutes such as Section 2421 of Title 18, even where the victim is an adult. See United States v. Lowe, 145 F.3d 45, 52 (1st Cir. 1998) (consent of the person transported for prostitution is not a defense under 18 U.S.C. § 2421 or other Mann Act statutes). The law recognizes that minors are entitled to protection from sexual exploitation regardless of whether they are being enticed away from a supportive family environment or are vulnerable targets because of factors such as previous victimization.

The crimes with which Young is charged involve sending persons out to trade sex for money with strangers and, by their nature, carry substantial risks of force that are

aggravated when the victims are minors. These offenses therefore constitute crimes of violence within the meaning of 18 U.S.C. §3156(a)(4)(B). The Court is not required to rely on Section 3156(a)(4)(B)'s definition, however, because Congress has already made this determination by specifically delineating Sections 2421 and 2423(a), along with almost all federal sexual exploitation statutes, as crimes of violence under Section 3156(a)(4)(B) of Title 18.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

August 24, 2005

By: _____
Wendy Waldron
Trial Attorney
United States Department of Justice
Criminal Division
1400 New York Ave., N.W. 6th Floor
Washington, DC 20005
(202) 353-3745
Fax: (202) 514-1793

CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing Memorandum Regarding the Definition of Crime of Violence upon defendant Dawn Young, by faxing a copy to counsel of record, John Swomley, at (617) 227-8059 and upon defendant Robert Williams, by faxing a copy

to counsel of record, George Gormley, at (617) 478-2755 on this 24nd day of August, 2005.

                                                  Wendy Waldron
Trial Attorney
United States Department of Justice
Criminal Division
1400 New York Ave., N.W. 6th Floor
Washington, DC 20005
(202) 353-3745
Fax: (202) 514-1793