

**U.S. Department of Justice**

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

Main Reception: (617) 748-3100    John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

January 26, 2006

Oscar Cruz, Esq.
Federal Defender's Office
408 Atlantic Avenue
Boston, MA 02110

Re: <u>Brooke Denman</u>
    Criminal No. 05-10195-JLT

Dear Mr. Cruz:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Brooke Denman ("Defendant"), in the above-captioned case. The Agreement is as follows:

1. <u>Change of Plea</u>

At the earliest practicable date, Defendant shall plead guilty to the following counts of the above-captioned Indictment: Count Two; Count Nine. Defendant agrees to the accuracy of the attached statement of facts. The United States Attorney's Office for the District of Massachusetts agrees not to bring additional charges based on the conduct admitted in the attached statement of facts. The U.S. Attorney agrees to dismiss counts One and Thirteen following the imposition of sentence.

2. <u>Penalties</u>

Defendant faces the following maximum penalties: Count Two, 5 years imprisonment; Count Nine, 20 years imprisonment. Each count is also punishable by a fine of up to $250,000, a period of supervised release of up to five years, a mandatory special assessment of $100, and restitution.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

(a) The parties agree to take the position that the 2002 United States Sentencing Guidelines ("U.S.S.G.") apply, and that U.S.S.G. § 2G1.1 applies to both counts.

(b) The parties further agree that, for each count, the base offense level is 19 and that the two-point enhancement in U.S.S.G. § 2G1.1(b)(2)(B) applies because the offense involved a victim who had attained the age of 12 years but had not attained the age of 16 years; this results in an offense level of 21.

(c) The U.S. Attorney agrees not to seek any enhancements or upward adjustments other than that contained in U.S.S.G. 2G1.1(b)(2)(B).

(d) The parties agree that Count Two is grouped with Count Nine under U.S.S.G. § 3D1.2; this results in a combined offense level of 21.

(e) The parties agree that if the Court grants a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 (a) and (b), the total offense level would be 18.

(f) The Defendant reserves the right to argue that her criminal history is overstated, and to move for a downward departure under U.S.S.G. §4A1.3; and also reserves the right to argue for a role reduction under U.S.S.G. §3B1.2.

2

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines, except as reserved in paragraph 3(f) above and as set forth below. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines, except under the conditions explicitly set forth below.

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. § 4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise change after her indictment in this case. Thus, for example, the government may contend that an upward departure under § 4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between her execution of this Agreement and sentencing Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit her conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d)    Fails to provide truthful information about her financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)    Engages in acts which form a basis for finding

    that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g)  Intentionally fails to appear in Court or violates any condition of release;

(h)  Commits a crime;

(i)  Transfers any asset protected under any provision of this Agreement; and/or

(j)  Attempts to withdraw her guilty plea.

  Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

  Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

  4.  <u>Sentence Recommendation</u>

  The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a)  If the Total Offense Level is 18 or higher, the U.S. Attorney agrees to recommend a sentence at the low end of the Guideline range;

(b)  A fine at the low end of the Guideline range, unless the court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c)  A Mandatory special assessment of $200;

(d)  A five-year period of supervised release.

  Defendant agrees that she will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which she intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing

4

with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that she has the right to challenge her sentence and guilty plea on direct appeal. Defendant is also aware that she may, in some circumstances, be able to argue that her plea should be set aside, or her sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives her right to appeal or collaterally challenge:

(1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

(2) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney pursuant to this agreement.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7. <u>Cooperation</u>

a. <u>Terms of Cooperation</u>

Defendant agrees to cooperate fully with law enforcement agents and government attorneys. She must provide complete and truthful information to all law enforcement personnel. If her

5

testimony is requested, she must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions put to her by any law enforcement agents or government attorneys and must not withhold any information. She must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, she must furnish all documents, objects and other evidence in her possession, custody or control that are relevant to the government's inquiries.

Defendant understands that she has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which she has been charged. To facilitate her cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendant or her counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights she may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

      b.    Substantial Assistance Motion

In the event that Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will make a motion under U.S.S.G. § 5K1.1, so that the sentencing court may impose a sentence below that which otherwise would be required under the relevant statutes.

The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Defendant violates any condition of her

pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 7(a) above, or engages in any criminal conduct after the date she signs this Agreement. Defendant may not withdraw her plea if the U.S. Attorney determines that Defendant has not rendered substantial assistance, or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

    c.    <u>Sentence Recommendation with Substantial Assistance</u>

If Defendant provides substantial assistance, subject to all the provisions of paragraphs 7(a) and (b) above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Defendant.

The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Defendant's sentencing.

    d.    <u>Letter Immunity</u>

In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading

information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against her in the District of Massachusetts, including, but not limited to, false statements and perjury.

8. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw her plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw her plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

Defendant hereby waives and releases any and all claims she may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

9. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of her conduct and her plea of guilty to the charges specified in paragraph one of this Agreement.

10. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Defendant understands that, should she breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by her, and any information, materials, documents or objects which may be provided by her to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which she might otherwise have under any statute of limitations or the Speedy Trial Act.

12. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. <u>Complete Agreement</u>

This letter contains the complete agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated December 19, 2005. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated December 19, 2005. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as

9

Witness.  Return the original of this letter to Trial Attorney Wendy Waldron.

                        Very truly yours,

                        MICHAEL J. SULLIVAN
                        United States Attorney

By: _____
    LAURA J. KAPLAN, Chief
    Violent & Organized Crime
    Section

_____
WENDY WALDRON
Trial Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

X _____
Brooke Denman
Defendant

Date: 2/9/06

I certify that Brooke Denman has read this Agreement and that we have discussed its meaning. I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Oscar Cruz, Esq.
Attorney for Defendant

Date: 2/9/06

Statement of Facts
Brooke Denman

    The Parties agree to the accuracy of the following Statement of Facts and that the facts contained herein may be used in determining the offense conduct and in otherwise determining the sentence for these offenses.

    Brooke Denman is 29 years old and presently lives in Lynn, Massachusetts. From approximately 2000 to 2002, Denman was involved with prostitution activities in Boston, Massachusetts, and the surrounding areas.

    In 2001 and 2002, Denman was answering phones and doing prostitution calls for a number of escort services in the Boston area. These included "Park Avenue Escorts," which was run by Dawn Young. These escort services sent females, including Denman, on prostitution calls during which the females received money in exchange for sexual acts. During this time period, Denman also knew Robert Williams and Minor A, who was working for Williams as a prostitute. Denman occasionally referred prostitution calls to Minor A.

    On approximately July 1, 2001, Robert Williams and Dawn Young showed Denman a poster of Minor A, which was distributed by the National Center for Missing and Exploited Children ("NCMEC"). The poster bore the true birth date of Minor A and indicated that she was fourteen years old at that time. Denman then drove Minor A to New Hampshire to call NCMEC to say that Minor A was safe.

    During the year after discovering the true age of Minor A through the NCMEC poster, Denman referred several prostitution calls to Minor A. These prostitution calls were both within

Massachusetts and in neighboring states, including New Hampshire.

During the time period of these offenses, Denman did not personally profit from Minor A's prostitution activities.

_____
BROOKE DENMAN
Defendant

Date: 2/9/06

_____
OSCAR CRUZ, Esq.
Attorney for Defendant

Date: 2/9/06

_____
WENDY WALDRON
Trial Attorney

Date: 2/9/06