**FEDERAL DEFENDER OFFICE**
DISTRICT OF MASSACHUSETTS
408 ATLANTIC AVENUE, 3RD FLOOR
BOSTON, MASSACHUSETTS 02110

TELEPHONE: 617-223-8061
FAX: 617-223-8080

December 15, 2006

Gregory Wollaston, U.S. Probation Officer
United States District Court
Suite 1200
1 Courthouse Way
Boston, MA 02210

    Re:  United States v. Brooke Denman
          Criminal No. 05-10195-JLT

Dear Mr. Wollaston:

I have received the Presentence Report in this case, and have discussed it with my client. I offer the following objections:

1. ¶¶ 1,4 (Offense Conduct)

The record should reflect that the defendant was completely forthcoming and cooperated fully both immediately after her arrest and during the course of her pre-trial release period. Ms. Denman has been debriefed by the investigating agent in this case and has been available to provide further assistance as needed.

Paragraph 4 of the offense summary states that Ms. Denman was paid for answering the telephones for the escort service. Ms. Denman submits that the statement of facts agreed to by the parties in this case clearly states that she did not personally profit from the prostitution activities of the minor involved in this case. The understanding of the parties is that she did not receive money from the "calls" done by the minor and she was not paid to answer the phones for the co-defendant Dawn Young's escort service.

Ms. Denman herself was working as a prostitute for the escort service and she, as well as other girls working for the service, periodically answered these phones. Ms. Denman's involvement in answering these phones was also due in large part to her living in Dawn Young's apartment at the relevant time period. In addition, Ms. Denman liked answering the phones because then she could

**FEDERAL DEFENDER OFFICE**

personally pick and choose the "calls" that she wanted to take herself.

    2.   ¶ 27 (Adjustment for Role in the Offense)

Defendant argues that a minimal role adjustment of four levels is in order under U.S.S.G. § 3B1.2(a), given her limited involvement with the prostitution activities of the minor referred to in the indictment. Though defendant may have occasionally referred calls to the minor, and to other women working for the escort service, she did not manage or supervise the minor's prostitution activities in any meaningful sense.

To the contrary, defendant's role in this case -- that of an essentially homeless prostitute doing the bidding of the escort service -- warrants a four level role reduction pursuant to U.S.S.G. § 3B1.2(a). Further, the conduct of the defendant that the government cites as critical is her following the directions of the co-defendants and driving the minor to New Hampshire so she could call the National Center for Missing and Exploited Children to inform them that she was not being harmed. Ms. Denman did what the co-defendants told her because she was living with one of them and did not want to be tossed out on the street. Ms. Denman had only lived with one of the co-defendants for a short time and she had just left the home of an abusive pimp who she was in a relationship with; she would have had nowhere else to go if she could not live with Dawn Young.

When assessing a defendant's relative culpability, within the context of drug conspiracies, a sentencing court should consider the roles of (1) other participants in the offense of conviction, and (2) other persons convicted of comparable crimes. United States v. Jurado-Lopez, 338 F.Supp.2d 246, 251-52 (D.Mass. 2004)(citing United States v. Martinez-Vargas, 321 F.3d 245, 250 (1st Cir. 2003)). In this case, both comparisons show defendant's relative culpability to be that of a minimal participant.

Under the first approach to defining a defendant's role -- gauging relative culpability by looking to other participants in the offense of conviction -- the court should step back and consider all participants of the criminal enterprise, whether the other participants have been prosecuted or not. See United States v. Jurado-Lopez, 338 F.Supp.2d at 252; U.S.S.G. § 3B1.1, comment. (n.1)("A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted"). Here, that means the Court should consider, at a minimum, the actions of Robert Williams and Dawn Young towards the

**FEDERAL DEFENDER OFFICE**

minor and their active supervision and support of her work as a prostitute. Plainly defendant, a prostitute for the service herself, is less culpable than these other actors.

Defendant did not profit from the minor's activity as a prostitute; she did not participate in getting false identification for the minor; she did not photograph the minor to advertise her as a prostitute; and she never physically abused the minor. As a prostitute for the service, who was living with the person who created and ran the service, defendant went out on her own calls and occasionally answered the phone to keep a roof over her head.

Moreover, defendant did what the co-defendants asked of her and she had no discretion or decision-making authority. She was told to take the minor to make the call in New Hampshire and she did it so the co-defendants would not be upset with her.

As compared against the other participants in the offense of conviction, the defendant's role is that of a minimal participant. Accordingly, defendant should receive a four level role reduction under U.S.S.G. § 3B1.2(a).

   3.   ¶32 (Total offense level)

Based upon the foregoing objections, defendant's total offense level is 14, calculated as follows:

```
   19   Base offense level (U.S.S.G. § 2D1.1(3)(8))
   +2   offense involved a victim aged 12-16 (U.S.S.G.
        § 2G1.1(b)(2)(B)
   -4   Minimal role adjustment (U.S.S.G. § 3B1.2(a))
   -3   Acceptance of responsibility (U.S.S.G. § 3E1.1)
   14
```

   4.   ¶ 112 (Education and vocational skills)

Defendant would like to note that the results of her GED test indicated that she scored in the 46th percentile for mathematics that was described as an "above average" score. The way in which the paragraph is currently written shows Ms. Denman simply scoring 46% for mathematics that appears, on its face, to be a low or failing score.

   5.   ¶ 125 (Custody -- Guideline provisions)

With offense level 14, CHC IV, defendant's guideline sentencing range is 27-33 months.

**FEDERAL DEFENDER OFFICE**

6.  ¶¶ 142-144 (Factors that may warrant a departure or a sentence outside of the advisory guideline system)

Defendant submits that there are grounds, apart from substantial assistance, that would warrant a sentence below the guideline range, either as a result of a departure or based on the factors set forth in 18 U.S.C. § 3553. These include (but are not limited to) the fact that Criminal History Category IV overstates Ms. Denman's criminal history and likelihood of recidivism; post-offense rehabilitation, and extraordinary acceptance of responsibility.

Sincerely,

/s/Oscar Cruz, Jr.
Oscar Cruz, Jr.

cc: Wendy Waldron, AUSA